**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00076-CV**
_____

**IN RE GERALD B. WILSON**

_____

**Original Proceeding**
**435th District Court of Montgomery County, Texas**
**Trial Cause No. 07-02-02127-CV**
_____

**MEMORANDUM OPINION**

On a petition for a writ of mandamus, Gerald B. Wilson complains that the trial court violated Article 1, § 10 of the Texas Constitution and the Fourteenth Amendment to the United States Constitution by effectively denying Wilson the right to represent himself in the biennial review of his civil commitment as a sexually violent offender and by failing to conduct the statutorily required review. He asks this Court to compel the trial court to conduct an evidentiary hearing. In response, the State contends the trial court signed a biennial review order on April 29, 2021, that the applicable statute does not require the trial court to set a hearing under the

circumstances present here, and therefore Wilson was not entitled to be personally present when the trial court signed the biennial review order.

Article 1, § 10 of the Texas Constitution applies only to criminal prosecutions. *See* Tex. Const. Art. 1, § 10 ("In all criminal prosecutions the accused . . . shall have the right of being heard by himself or counsel, or both[.]"). A person subjected to an involuntary civil commitment proceeding cannot compel his personal appearance at a hearing by invoking Article 1, § 10. *In re J.B.*, 605 S.W.3d 650, 655 (Tex. App.— Houston [1st Dist.] 2020, no pet.) (hearing on petition for an order to administer psychoactive medications).

Procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property interests within the meaning of the Due Process Clause of the Fourteenth Amendment. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Id*. at 333. Determining what process is due in a particular proceeding requires consideration of three factors: (1) the private interest affected by the proceeding or official action; (2) the countervailing governmental interest supporting use of the challenged proceeding; and (3) the risk of an erroneous deprivation of that interest due to the procedure used. *Id*. at 335.

Section 841.102 of the Texas Health and Safety Code requires the trial court to "conduct a biennial review of the status of the committed person and issue an order concluding the review or setting a hearing[.]" *See* Tex. Health & Safety Code Ann. § 841.102(a). "The person is entitled to be represented by counsel at the biennial review, but the person is not entitled to be present at that review." *Id*. § 841.102(b). A hearing is required if the trial court determines at the biennial review that a requirement imposed on the person through the civil commitment should be modified or that probable cause exists to believe that the person's behavioral abnormality has changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence. *Id*. § 841.102(c).

Wilson appears to argue that he must be physically present to effectively represent himself in the biennial review. Wilson is entitled to counsel at each biennial review. *In re State*, 556 S.W.3d 821, 823 (Tex. 2018) (orig. proceeding). But a biennial review, which involves the court's consideration of an examination report prepared by the Texas Civil Commitment Office, requires a hearing only if the trial court makes certain predicate findings. *Id*. at 827. Wilson has not shown that section 841.102 requires the physical presence of counsel, whether by a licensed attorney or by a person acting *pro se*, for the trial court to consider and determine a biennial review. Moreover, Wilson has not shown that the process provided by

section 81.102 deprives him of the opportunity to be heard at a reasonable time and in a reasonable manner. *See Eldridge*, 424 U.S. at 333.

Wilson has failed to establish an entitlement to mandamus relief. Accordingly, we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on March 14, 2022
Opinion Delivered April 7, 2022

Before Golemon, C.J., Kreger and Johnson, JJ.

4